DANIEL H. HORTON vs. MORRIS FEINBERG.

PROVIDENCE—JULY 15, 1901.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *New Trials. Newly-discovered Evidence. Computation of Time.*

The period of one year provided by Gen. Laws cap. 251, § 2, within which a new trial may be granted for causes therein specified, is one year from the date of the trial or decision of the case itself, and not from the decision of a petition for a new trial in such case.

PETITION FOR A NEW TRIAL on the ground of newly-discovered evidence. The facts are stated in the opinion. Heard on petition, and petition dismissed.

STINESS, C. J. This case was tried and decided in the Common Pleas Division, June 16, 1898. The defendant's petition for a new trial, upon the ground that the verdict was against the evidence, was denied in this division, June 13, 1900. On June 19, 1900, the defendant filed this second petition for a new trial, upon the ground of newly-discovered evidence.

(1) Gen. Laws cap. 251, § 2, provides for a new trial on the ground of newly-discovered evidence only in a "suit which shall have been tried or decided in the common pleas division, or in any district court, within one year previous to such application." Hence this petition, which was not filed until more than two years after the case had been decided in the Common Pleas Division, comes too late.

Possibly the defendant has the idea that, as this petition was filed within one year from the decision in this court, it is filed in time.

Prior to the judiciary act of 1893, Pub. Stat. cap. 221, § 2, provided that when it should appear to the Supreme Court "in a suit which shall have been tried or *decided therein*, or which shall have been tried or decided in' the court of common pleas within one year," a new trial might be granted. The reference to the Supreme Court is omitted from the present statute, although we do not deem this to be very important from the fact that, in either case, the petition for a

new trial is to be filed within one year after the trial or decision of the case itself, not in one year after the decision of a petition for a new trial. If this last time was to control, one might continue his case indefinitely by filing a petition for a new trial within one year from the decision upon the preceding petition.

The statute evidently offers a period of one year, and that only from the date of the trial or decision, for the filing of a petition for a new trial, upon whatever ground it may be based.

The present petition was not filed within that time, and hence it must be dismissed.

*Page & Page and Cushing*, for plaintiff.
*John Doran*, for defendant.